■ In the Matter of Antowa McD., an Infant, Appellant. Deonne Andrea W., Petitioner, v Wayne McD. et al., Respondents. [856 NYS2d 576]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about January 26, 2007, which, insofar as appealed from, denied appellant child's motion for findings that would enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), unanimously reversed, on the law and the facts, without costs, the motion granted, and the matter remanded to Family Court to issue an order making the requested findings.

Appellant was sent by her mother from her native Jamaica to live with her father in the United States at the age of four in 2003, but was quickly abandoned by her father, who left her with her aunt. Upon her mother refusing to take her back, she has continued to reside with the aunt. Although Family Court issued letters of guardianship to the aunt, it refused to make the factual findings that would enable appellant to apply for special immigrant juvenile status, i.e., that she was eligible for long-term foster care due to abuse, neglect or abandonment, and that it would not be in her best interests to be returned to Jamaica. This was error given a record that clearly establishes parental abandonment, contains a statement from the mother that she is unable "to give [appellant] the love and attention she needs," and clearly establishes that it is appellant's best interests to continue living in her aunt's loving and nurturing home. Family Court's appointment of a guardian constitutes the necessary declaration of dependency on a juvenile court (Matter of Menjivar, 29 Immigr L & Pro Rptr B2-37 [1994], construing, inter alia, 8 CFR 204.11 [a]). Concur—Lippman, P.J., Friedman, Sweeny and Moskowitz, JJ.